## TERRY v. HATCH.

1. Under sect. 692 of the Revised Statutes, an appeal could not be had to this court from the final decree of a Circuit Court, unless the matter in dispute, exclusive of costs, exceeded the sum or value of $2,000.

2. In a suit by its creditors against an insolvent bank, which had made an assignment for their benefit, claims amounting to $440,000, including a decree in favor of A. for $23,297, and judgments in favor of B. for $88,000, were proved and allowed. There was realized under the assignment $30,000, the *pro rata* distribution of which was decreed by the court. A. filed an exception to the allowance of B.'s claim, which was overruled; whereupon he, by leave of the court, took a separate appeal, " without joining any party to the record with him as appellant," or any party as defendant except B. *Held*, that the amount in dispute here is the interest of A. in that portion of the $30,000 payable by the decree to B., which the former would have received had his exception been sustained, and the amount decreed the latter been distributed *pro rata* among all the creditors. As that interest is less than $2,000, this court has no jurisdiction.

APPEAL from the Circuit Court of the United States for the Southern District of Georgia.

*Mr. Harvey Terry* for the appellant.

*Mr. A. T. Akerman, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Bank of Commerce, located at Savannah, Ga., being insolvent and unable to proceed with its business, made an assignment of its property to John C. Ferrill for the benefit of its creditors, of whom the appellant was one. He commenced this suit " in behalf of himself and all other parties in like condition who will concur and unite and contribute to the expenses," to obtain a decree in his own favor against the bank for the amount of his debt; an account by the assignee; the conversion of the assigned property into money under the authority and direction of the court, and the distribution of the proceeds among the creditors according to the assignment. In the progress of the cause a decree was rendered against the bank and in favor of Terry for $23,297. Afterwards decrees were entered requiring all persons interested in the distribution of the assets to make themselves parties, and referring the cause to a master to take testimony and report the amounts due to the

several claimants, the nature of their respective claims, and the order in which they were entitled to payment out of the fund in court.

The master reported, allowing claims amounting in the aggregate to about $425,000, all of which were entitled to participate *pro rata* in the distribution. Among the claims allowed were the decree in favor of Terry, $23,297, and several judgments in favor of George W. Hatch, amounting in all to $75,000.

Terry excepted to the report, because, —

1. An account of $25 presented by him, and on which he claimed priority of payment over the other creditors, had been disallowed; and, —

2. The claim in favor of Hatch had been allowed.

Both these exceptions were overruled. The amount allowed to Hatch was increased to $88,000, or thereabouts; the report in all other respects confirmed, and an order entered for the payment of the fund in court to the several creditors, in accordance therewith.

The amount of the fund in court for distribution is stated to have been about $30,000, and the total amount of the allowed claims not far from $440,000; so that Hatch would receive for his dividend, under the decree as entered, about $6,000.

Terry took this appeal, which is separate, "without joining any other party to the record with him as appellant," or any party as defendant except Hatch. Such was the order of the Circuit Court when allowing the appeal upon his petition.

Hatch now moves to dismiss, for the reason that the "matter in dispute" is not sufficient in amount or value to give this court jurisdiction.

Sect. 692, Rev. Stat., in force when this appeal was taken, permitted appeals to this court "from all final decrees of any circuit court, or of any district court acting as a circuit court, in cases of equity, and of admiralty and maritime jurisdiction, where the matter in dispute, exclusive of costs, exceeds the sum or value of $2,000."

The matter in dispute between the parties who are here is that part of the money payable to Hatch under the decree which would have gone to Terry if his exceptions had been

sustained. Terry presented an account for $25, on which he claimed priority of payment; but, upon its disallowance, Hatch became entitled to no more than his share upon a *pro rata* distribution of that amount to all the creditors. So, too, Hatch, upon the allowance of his claim, became entitled under the decree to a dividend of about $6,000; but, if it had been disallowed, Terry would have received only his share of the amount of the dividend upon a like *pro rata* distribution. If Terry succeeds in this appeal, he can only recover from Hatch what would have been distributed to him in the court below, if his exceptions had been there sustained. The aggregate of the claims allowed, deducting that of Hatch, is about $350,000; and of this amount Terry has but $23,297. Upon a distribution of the amount decreed to Hatch among the other creditors, the dividend would be less than two per cent upon the amount of the several claims, or but little more than $500 to Terry. It is clear, therefore, that the amount in dispute is less than $2,000.                    *Appeal dismissed.*