## CHATFIELD v. BOYLE.

1. A person having made an assignment in favor of his creditors, one of them in behalf of himself and such others as would unite with him, filed his bill to set aside as fraudulent a previous conveyance in favor of A., and to exclude from the benefit of the assignment A., who, he alleged, was not a creditor. Several creditors united as complainants. The bill was dismissed, and they appealed. *Held*, that the matter in dispute is not the entire fund, but their distributive shares thereof, and the amount being less than $5,000, this court has no jurisdiction.

2. *Terry* v. *Hatch* (93 U. S. 44) cited and approved.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Western District of Tennessee.

The facts are stated in the opinion of the court.

*Mr. John D. McPherson* and *Mr. Jeremiah W. Clapp* in support of the motion.

*Mr. William M. Ramsey*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Boyle & Co., a mercantile firm doing business at Memphis, Tenn., being insolvent, made, on the 17th of November, 1876, a general assignment to J. A. Omberg for the benefit of all their creditors. A deed of trust, in the nature of a mortgage, had been previously executed, conveying some of the property of the firm as security for a debt said to be owing to Jefferson Davis. At the time of this assignment, the total indebtedness of the firm to creditors other than Davis and another person who has since been paid out of securities he held at the time, was . . . . . . . . . . . . . . . . . . . . $17,233.63
The debt claimed to be due Davis was . . . . . 25,000.00

Making a total of . . . . . . . . $42,233.63

Chatfield and Woods, creditors of the firm to the amount of $3,440.37, filed a bill in equity in one of the State courts of Tennessee, on the 13th of January, 1877, against Boyle, Davis, and others, the object of which was to set aside the deed of trust in favor of Davis, and also to prevent him from participating in the benefits of the general assignment, on the ground

that he was not in reality a creditor of the firm, but one of the partners. This suit was brought, as alleged, in aid of the assignment and in behalf of all the creditors of the firm who might be entitled to come and join therein. Omberg, the assignee, was also joined as a complainant. As to him, the allegations in the bill are as follows : " Complainant J. A. Omberg, as the assignee in said deed of assignment, comes at the request of the creditors as aforesaid, and claims the benefit of all the matters and circumstances in this bill set up in behalf of all the creditors of Boyle & Co., and especially in behalf of all those creditors who may be hereafter made parties hereto, and may by proper averments and proof make good their claim, to be paid out of the proceeds of the property hereby proceeded against, and asks for them, and each of them, all the relief, under and by virtue and in aid of said assignment, to which they or either or each of them may as creditors be entitled as against defendant Davis or other defendants."

During the pendency of the suit in the State court the property held under the trust for the benefit of Davis was sold with the consent of all parties, and realized $2,951.10, which is now in court subject to any decree that may be finally rendered. The assignee has also disposed of all the remaining property embraced in the assignment, and in the distribution that has been made of the proceeds, $3,403.81 was set apart for Davis, if he shall be adjudged to be a creditor of the firm and not a partner. These two sums, amounting in the aggregate to $6,354.91, constitute the entire fund about which the dispute in the case arises.

On the 16th of March, 1877, the Powers Paper Company, Edwin Hoole, and L. Snider & Sons, also creditors of the firm, were, on their own petition, admitted as parties complainant. Their claims were respectively as follows : —

Powers Paper Company . . . . . . . . . . $2,689.60
Edward Hoole . . . . . . . . . . . . .  1,232.61
L. Snider & Sons . . . . . . . . . . . .  1,103.76

On the 23d of March, 1877, the following order was entered in the suit: " In this cause it appearing to the court by a statement of J. A. Omberg that all the creditors who have demanded

of James A. Omberg, the assignee, to join in 'this litigation, have come in and had themselves made parties therein, it is, therefore, on motion, ordered that this bill be dismissed, so far as said Omberg is concerned, and he go hence without day."

On the next day, March 24, S. A. Tower & Co. and H. B. Graham & Brothers were, on their petition, made parties. Their claims are as follows: —

S. A. Tower & Co. . . . . . . . . . . . . . $887.68
H. B. Graham & Brothers . . . . . . . . . 318.41

No other parties have ever appeared to claim the benefit of the suit. The aggregate of all the several claims represented by all the complainants is $9,672.43.

On the 4th of April, 1877, after Omberg had been dismissed from the case, the remaining complainants united in a petition for the removal of the suit to the Circuit Court of the United States for the Western District of Tennessee, which was afterwards effected. Answers were filed and testimony taken in the Circuit Court. Upon final hearing the bill was dismissed. From the decree to that effect all the complainants united in this appeal. The appellees now move to dismiss because the matter in dispute does not exceed the sum of $5,000. In support of this motion two grounds are relied on. They are: —

1. That the claims of the several complainants are separate and distinct, and cannot be united for the purpose of making up the amount necessary to give us jurisdiction. The effort in this connection is to bring the case within the operation of the principle under which motions to dismiss were granted in *Seaver* v. *Bigelows*, 5 Wall. 208; *Rich* v. *Lambert*, 12 How. 347; *Oliver* v. *Alexander*, 6 Pet. 143; *Stratton* v. *Jarvis*, 8 id. 4; and *Paving Company* v. *Mulford*, 100 U. S. 147.

2. That the matter in dispute is not the whole amount of the fund in court which is claimed by Davis, but only so much as would be distributable to the complainants under the assignment, if Davis is adjudged to be a partner and not a creditor. For this *Terry* v. *Hatch* (93 U. S. 44) is relied on.

Without considering the first of these propositions, we think it clear the case comes within the last. These appellants on this appeal represent no one but themselves. Their rights

here are just what Omberg asked for himself, that is to say, such as belong to creditors who in this suit make good their claim to be paid under the assignment out of the fund proceeded against. The complainants do not necessarily represent all the creditors entitled to the benefits of the assignment, neither have they assumed anything of the kind. They ask only for such relief as belongs to those who actually come in according to their invitation. They are in no situation to appropriate to themselves the whole of the fund. The other creditors may certainly abandon their interest and permit it to go to Davis if they choose. The complainants cannot compel them to take it whether they want it or not. By not coming into the suit they, in effect, have elected not to contend with Davis for their share, and to treat him as a creditor rather than a partner. When Omberg went out of the suit all the creditors had come in who wanted him to proceed. Under these circumstances, if the bill had been sustained, no opportunity need have been given other creditors to come in. The court might very properly have said that, as they had stayed out until all risks of liability for costs and expenses were gone, they should not then be admitted. Such being the case, a decree would have been entered in favor of the complainants for their distributive shares of the fund, and no more. The rest would have remained for Davis, the same as though no suit had been begun. The fund is $6,354.91, and the debts entitled to the benefit of the assignment, $17,233.63, of which the complainants represent only $9,672.43. Under this state of facts the whole of the distributive shares of the complainants, if they are successful, will be less than five thousand dollars, not enough to give us jurisdiction. Upon an appeal we will not consider whether others may come in if we reverse the decree. We look only to the parties who are actually before us. The case is, therefore, within the rule stated in *Terry* v. *Hatch* (*supra*), and the motion to dismiss is

*Granted.*

MR. JUSTICE MATTHEWS, having been of counsel in the court below, took no part in the decision of this motion.