CARLSON et al. v. SULLIVAN et al.

(Circuit Court of Appeals, Ninth Circuit. June 19, 1906.)

No. 1,246.

1. PARTITION—DENIAL OF TITLE—ADVERSE CLAIM—ISSUES.

    The bare denial of complainant's title on information and belief by defendants in a suit for partition, defendants not claiming adverse title in themselves, does not put title in issue, so as to require the court to stay the suit until title has been established at law.

    [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partition, §§ 53–59.]

2. SAME—OUSTER—REMEDIES—EJECTMENT.

    While a common possession is always implied from a common title until the contrary is shown, in cases where an ouster is made by one tenant in common with his co-tenants. there is no longer a common possession, and the remedy by the ousted tenant is by ejectment to recover possession of his individual moiety, and not by petition for partition.

    [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partition, §§ 60–63.]

3. JURY—RIGHT TO TRIAL BY JURY.

    Under Const. U. S. Amend. 7, securing the right of trial by jury in suits at common law where the value in controversy exceeds $20, a party in possession of land, claiming the whole title, is entitled to a right of trial by jury of the issue of title.

4. SAME—FEDERAL CONSTITUTION—AMENDMENT—APPLICATION TO TERRITORIES.

    Const. U. S. Amend. 7, securing the right of trial by jury in suits at common law where the value in controversy exceeds $20, applies to judicial proceedings in the territories of the United States.

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

the plaintiffs, or either of them, own and possess, or own or possess, either as tenants in common or otherwise, any interest whatever" in the property in controversy; "deny that each of the plaintiffs, or either of them, has an estate of inheritance, or any estate or interest whatever, in said mining claim, or any part thereof." In answer to the twelfth paragraph of the complaint they "admit that in order to preserve the interest of the owners of said property and mining claim it is necessary to represent said claim by performing assessment work thereon each year of the value of at least $100, but said defendants deny all the other allegations of said paragraph 12, except that the said defendants other than George Sullivan have refused to permit the plaintiffs or either of them to enter upon or work said mining claim or any part thereof."

Upon the trial the plaintiffs offered a deed from A. Samuelson of an undivided one-third interest in the mine, and a deed from Carlson to his coplaintiff, Lomen, to a one-sixth interest therein. On the cross-examination of Carlson the "bill of transfer" from Carlson to J. Venes of an undivided one-sixth interest, set forth in the record, was admitted. There was no evidence with regard to the actual possession of either party. At the close of plaintiffs' testimony the defendants moved to dismiss the action on the following grounds: "(1) That it does not appear that the plaintiffs and defendants, or any of the defendants, hold and are in possession of the real property involved in this action as tenants in common. (2) That an action or suit in partition is not the proper form of action in which to litigate disputed questions of title to lands. (3) That this action should be brought in ejectment, under the statute, and not a suit in partition. * * * (4) That the issues raised in this action are issues which should be tried by an action at law, before a jury." The court granted said motion and dismissed the cause without prejudice, on the ground that the defendants have the right to have the question of the disputed title determined in an action at law before a jury, to which ruling the plaintiffs excepted, and claim that the court erred in dismissing the suit. The appeal is taken from the judgment of dismissal.

Chas. E. Naylor, for appellants.

G. J. Lomen, pro se.

J. C. Campbell, W. H. Metson, F. C. Drew, and Ira D. Orton, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge, after making the foregoing statement, delivered the opinion of the court.

Did the court err in dismissing the suit? In Heinze v. Butte & B. Con. M. Co., 126 Fed. 1, 61 C. C. A. 63, this court held that the bare denial of complainant's title on information and belief, by defendants in a suit for partition, who do not allege adverse title in themselves, does not put such title in issue, so as to require the court to stay the suit until it shall be established at law. That case is the principal one, among many others, relied upon by appellants to sustain their assignments of error herein. If identical in its facts, it might be considered binding upon the court in this case; but is it identical? We think not. In that case Judge Gilbert, delivering the opinion of the court, said:

"In none of the pleadings so far filed in the case was any defect or infirmity in the complainant's title alleged, nor was it asserted that any of the parties had adverse claims against the alleged title of the complainant, or adverse possession of the property sought to be partitioned. All the information that was conveyed by the pleadings at that date was that the complainant al-

leged a title in fee simple, and that the defendants and the intervener all denied, on information and belief, that the complainant was the owner of the interest which it asserted in its bill. In other words, by their answer they said to the court: 'We own an individed one-half of one claim, and an undivided one-third of the other, but we deny, on information and belief, that the complainant owns the other interests.' "

It was while the pleadings were in that condition that the motion was made to stay the proceedings until complainants established their case at law. This motion was denied. In the present case plaintiffs show in paragraph 12 of their complaint that the defendants denied their right of possession, and had virtually ousted them from the mine; and the defendants in their answer deny that the plaintiffs, or either of them, own or possess any interest whatever in the property. It is in the light of these facts that the present case must be determined.

1. We are of opinion that a common possession is always implied from a common title until the contrary is shown; but, in cases where an ouster is made by one tenant in common with his co-tenants, there is no longer a common possession, and the remedy is, not by petition for partition, but by ejectment to recover possession of the individual moiety. In Rich v. Bray (C. C.) 37 Fed. 273, 277, 2 L. R. A. 225, the court said:

"There is no question of the jurisdiction of a court of equity to make partition of lands, in which action all the equities between the coparceners may be considered and adjusted. But I understand the rule to be likewise inflexible that, in a partition suit, either at law or in equity, the title to the land cannot be litigated. Where there is an adverse holding under claim of exclusive right, amounting to an ouster among tenants in common, it destroys the unity of possession, and takes away the right of partition. Resort must first be had to the action of ejectment at law. 'If one coparcener disseise another, during his disseisin a writ of partition doth not lie between them for "non tenant insimul et pro indiviso." ' "

In Brown v. Cranberry I. & C. Co. (C. C.) 40 Fed. 849, Judge Dick held that where defendant in partition denies complainant's title, it is proper to stay proceedings so that complainant may establish his title by an action in ejectment. In the course of the opinion he said:

"Questions pertaining to a legal title and the nature of possession are matters of law, and should be decided by a judge and jury in a legal tribunal. This was the method of practice and procedure that prevailed in the courts of equity in this state before the abolition of such courts by our new Constitution, and the adoption of a Code system, which required all legal and equitable remedy and relief to be sought by civil action or special proceedings."

The Alaska statute, heretofore quoted, is taken verbatim from the Oregon Code. In Savage v. Savage, 19 Or. 112, 116, 23 Pac. 890, 891, 20 Am. St. Rep. 795, which was an action for partition of lands, the court, after construing the provisions of the Code, said:

"Seisin and possession, as now understood, mean the same thing. To constitute seisin in fact, there must be an actual possession of the land; for a seisin in law there must be a right of immediate possession according to the nature of the interest, whether corporeal or incorporeal. 1 Wash. Real Prop. 62. Under this view there can be no seisin in law where there is not a present right of entry. And where the life tenant is in possession, there being no present right of entry in the remainderman or reversioner, they are not constructively seised, and neither can maintain a suit as plaintiff for partition. The authorities generally sustain this view"—citing cases.

In Windsor v. Simpkins, 19 Or. 117, 23 Pac. 669, which was a suit for the partition of lands, the court said:

"The circuit court properly dismissed the appellant's complaint. The parties to the suit were not holding and in possession as tenants in common of the premises in controversy. There was no unity of possession between them regarding the said premises. * * * The appellant had no seisin of the premises, either in law or in fact, and must recover possession of them in a proper action before he will gain such a standing in court as will enable him to maintain a suit for the partition thereof."

In Moore v. Shannon, 6 Mackey, 157, 165, the court said:

"Mr. Freeman in his work on Co-tenancy and Partition, states the law thus, in section 446: 'It is a general rule prevailing in England, without exception, and also throughout the majority of the United States, that no person has the right to demand any court to enforce a compulsory partition unless he has an estate in possession—one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the co-tenants thereof.' And so are all the authorities." Chapin v. Sears (C. C.) 18 Fed. 814; American A. Limited v. Eastern K. L. Co. (C. C.) 68 Fed. 721; Bearden v. Benner (C. C.) 120 Fed. 690, 693; Deery v. McClintock, 31 Wis. 195; Hoffman v. Beard, 22 Mich. 59; Criscoe v. Hambrick, 47 Ark. 235, 238, 1 S. W. 150; Conter v. Herschel, 24 Nev. 152, 50 Pac. 851.

2. We are of opinion that, under the provisions of the seventh amendment to the Constitution of the United States, a party in possession of real estate, claiming the whole title, is entitled to a right of trial by jury, and that this rule is settled by the decisions of the Supreme Court. Whitehead v. Shattuck, 138 U. S. 146, 151, 11 Sup. Ct. 276, 34 L. Ed. 873; Scott v. Neely, 140 U. S. 106, 109, 11 Sup. Ct. 712, 35 L. Ed. 358; Lacassagne v. Chapuis, 144 U. S. 119, 12 Sup. Ct. 659, 36 L. Ed. 368. It is contended by appellants, however, that the right of trial by jury is not a fundamental right, and that the seventh amendment to the Constitution has no application to the territorial legislation, nor to the jurisdiction of the courts thereunder, and that the federal courts will not decline equity jurisdiction simply because legal questions are involved, when the action is brought under a state or territorial statute, and not under the general equity powers of the court; and numerous authorities are cited in support of these propositions.

That the Constitution of the United States applies to Alaska is settled by the reasoning and decision of the court in Rassmussen v. United States, 197 U. S. 516, 525, 25 Sup. Ct. 514, 49 L. Ed. 862 et seq. In that case the court refers to Black v. Jackson, 177 U. S. 349, 363, 20 Sup. Ct. 648, 44 L. Ed. 801, where the court, in speaking of a law of the territory of Oklahoma and of the contention of appellant, said:

"But the same reason could be urged to justify the extraordinary remedy of a mandatory injunction in order to put a defendant out of possession, even where the plaintiff was entitled to maintain ejectment or an action in the nature of ejectment. The suggestion referred to leaves out of view the distinction made by the Constitution of the United States between cases in law and cases in equity. Robinson v. Campbell, 3 Wheat. 212, 223, 4 L. Ed. 372; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Van Norden v. Morton, 99 U. S. 378, 25 L. Ed. 453; Smyth v. Ames, 169 U. S. 466, 516, 18 Sup. Ct. 418, 42 L. Ed. 819. And it also fails to recognize the provisions of the seventh

amendment securing the right of trial by jury in 'suits at common law' where the value in controversy exceeds $20. That amendment, so far as it secures the right of trial by jury, applies to judicial proceedings in the territories of the United States. Webster v. Reid, 11 How. 437, 460, 13 L. Ed. 761; American Publishing Co. v. Fisher, 166 U. S. 464, 466, 17 Sup. Ct. 618, 41 L. Ed. 1079; Springville v. Thomas, 166 U. S. 707, 17 Sup. Ct. 717, 41 L. Ed. 1172. So that a court of a territory, authorized, as Oklahoma was, to pass laws not inconsistent with the Constitution of the United States (26 Stat. 81, 84, c. 182, § 6), could not proceed in a 'common-law' action as if it were a suit in equity and determine by mandatory injunction rights for the protection or enforcement of which there was a plain and adequate remedy at law according to the established distinctions between law and equity."

In Whitehead v. Shattuck, supra, the court said:

"The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury."

The court did not err in dismissing the case without prejudice. Such a dismissal saved all of plaintiffs' rights in the premises, and was in effect the same as an order to stay proceedings in the suit until the plaintiffs established their right to the property by an action at law.

The judgment of the District Court is affirmed.