Perez v. Martinez.

# PABLO POYET PEREZ, Plff.,

*v.*

# BALTAZAR MENDOZA MARTINEZ, Dft.

San Juan, Equity, No. 954.

WANT OF EQUITY.

**Partition.**

Action for partition by plaintiff, claiming to be owner of one half the tract in question, against third person in possession whose title is duly recorded and depends upon a transfer made by plaintiff's mother to predecessor in title of defendant. *Held:*

1. This action does not fall within art. 37 of the mortgage law.

2. §§ 1266 and 1268 of the Civil Code with regard to the prescription of actions for rescission and nullity of contracts are not applicable.

3. The action will not lie where plaintiff is not only out of possession, but his title is disputed by defendant, there is no local statute authorizing the determination of questions of title in a partition suit.*

Opinion filed May 20, 1915.

*Mr. Jos. Anderson, Jr.* solicitor for plaintiff.

*Mr. J. Henri Brown* solicitor for defendant.

---

* But plaintiff has no remedy at law. See Vega v. Rodríguez, 21 P. R. R. 318; Trinidad v. Trinidad, 19 P. R. R. 616; Fernandez v. Velazquez, 17 P. R. R. 716. Does the objection that defendant is entitled under the Constitution to trial by jury on the question of title apply in Porto Rico?

Perez v. Martinez.

HAMILTON, Judge, delivered the following opinion:

This cause comes on to be heard upon a motion by the defendant to dismiss the bill on various grounds. One related to supposed improper verification, but this has been remedied and need not be considered.

1. The next ground is that the plaintiff's cause of action is barred by the provisions of article 37 of the mortgage law of Porto Rico. This article gives exceptions to the rule declared in article 36, that "rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests in accordance with the provisions of this law." The defendant in question holds under a deed properly recorded, and so is not affected unless it comes under exceptions declared in article 37, which is as follows:

"The following are excepted from the rule contained in the foregoing article:

"1. Rescissory and resolutory actions which owe their origin to causes which specifically appear in the registry.

"2. Actions for the rescission of conveyances made for the purpose of defrauding creditors in the following cases:

"When the second conveyance was made under a gratuitous title.

"When the third person was a party to the fraud.

"In either case third persons shall not be prejudiced by a rescissory action not brought within one year from the date of the fraudulent conveyance."

The origin of this suit has no relation whatever to causes appearing in the registry, nor was the conveyance complained of made for the purpose of defrauding creditors. The suit at

bar is claimed by the plaintiff to be one for division, and by the defendant to be one for the recovery of land by a person who is not a party to the deeds .complained of. This suit, therefore, does not seem to come under the said provisions of the mortgage law.

2. The second ground for the motion is that the cause of action is barred by the lapse of four years in accordance with the provisions of § 1266 of the Civil Code of Porto Rico, which is § 1299 of the Spanish Code. This limitation is in the chapter relating to the rescission of contracts found in title II. of book IV. of the Civil Code, relating to Obligations and Contracts. The succeeding chapter VI., is concerned with the nullity of contracts. The motion, therefore, alleges that the cause of action is really one for the rescission of a contract. The contract in question must be that mentioned in the complaint, whereby the mother of the complainant is said to have, in 1891, sold certain twelve *cuerdas* described in the bill to one Candelas, under whom it has come down by mesne conveyances to the defendant.

Chapter V., as to rescission of contracts, follows those relating to general provisions, essentials, effectiveness, and interpretation of contracts.. The complainant was not a party to the contract of his mother or any of those which succeeded, and in point of fact claims in opposition to this whole series of acts. The chapter in question permits rescission by a minor where a guardian has improperly conveyed his property, an absentee where a power of attorney has been· abused, a creditor in case of fraud of his debtor, conveyance by a defendant as to the property in litigation, and any other contract specially determined by law. The claim of the complainant comes under none of the four main heads, and the fifth must be construed as of the same general

character. These contracts seem to be those which are not void but valid in their subject-matter and in their form, but which as voidable may be disaffirmed by persons in interest not properly represented. The cases admitting of rescission, therefore, seem generally to be those in which a real party in interest has been deceived or misrepresented, although the right does not seem to be limited to an actual party to a contract. It cannot be said that the complainant was represented by his mother in the conveyance complained of. She purported to act for herself alone as possessor if not owner. The suit, therefore, is not one for rescission, and the limitation affixed to that remedy does not apply.

3. The next ground urged for dismissal of the bill is that it is barred by § 1268 of the Porto Rico Civil Code, being 1301 of the Spanish. This is under the provisions of chapter VI., on nullity of contracts, immediately following the chapter on rescission, just discussed. Contracts which may be so avoided are described in § 1267, which declares that "contracts containing the requisites mentioned in § 1228 may be annulled, even when there should be no 'lesion' to the contracting parties, whenever they contain any of the defects which invalidate them according to law." What these defects are is indicated by the succeeding sections, which are as follows:

"Sec. 1268. The action for nullity shall last four years.

"This term shall commence to run:

"In cases of intimidation or violence from the day on which it has ceased;

"In those of error or deceit or falsity of consideration, from the date of the consummation of the contract;

"When the purpose of the action is to invalidate contracts

made by a married woman, without consent or competent authority, from the date of the dissolution of the marriage;

"And when it refers to contracts executed by minors or incapacitated persons, from the date they were released from guardianship.

"Sec. 1269.   The action for nullity of contracts may be brought by those who are principally or subsidiarily obligated by virtue thereof.   Persons with capacity cannot, however, allege the incapacity of those with whom they contracted; neither those who caused the intimidation or violence, or employed deceit, or caused the error, can base their action on these defects of the contract.

"Sec. 1270.   When the nullity of an obligation has been declared, the contracting parties shall restore to each other the things which have been the object of the contract with their fruits, and the value with its interest, without prejudice to the provisions contained in the following sections.

"Sec. 1271.   When the nullity arises from the incapacity of one of the contracting parties, the incapacitated person is not obliged to make restitution, except to the extent he has profited by the thing or by the sum he may have received.

"Sec. 1272.   When the nullity arises from the illegality of the consideration or the object of the contract, if the fact constitutes a crime or misdemeanor common to both contracting parties, they shall have no action against each other and proceedings shall be instituted against them, and, furthermore, the things or sum which may have been the object of the contract shall be applied as prescribed in the Penal Code with regard to the goods or instruments of the crime or misdemeanor.

"This provision is applicable to the case in which there is

a crime or misdemeanor on the part of only one of the contracting parties; but the one who is not guilty may recover what he may have given, and shall not be bound to fulfil what he may have promised."

The provisions as to rescission of contracts, contained in Civil Code, §§ 1257 to 1266, refer to a different principle from that of nullity of contracts, covered by Civil Code, §§ 1267 to 1281. Manresa, 8 Com. 726, says that while both render inefficacious the contracts to which they apply, nullity and rescission have notable differences. Nullity, which we are discussing, declares the inefficacy of the contract in itself, while rescission produces this result through elements which do not go to the essence. In the principle of nullity we note the direct influence of public interest, while private interest completely controls the principle of rescission. Nullity, says Manresa, is a law (*sanción*), and rescission is a remedy, the law predominating in the former, equity in the latter. The interest of third parties (*extreños*) is frequently passed on in actions for rescission, but is the exception in those for nullity. Rescission is a remedy granted by law to the parties to a contract, and also to third parties, to obtain damages for injuries which the contract, although valid, may cause, and by this means matters are restored to their original condition. Nullity concerns contracts which are void rather than voidable. Manresa also discusses under the Spanish article 1300 (P. R. § 1267) the matter of nominal contracts which properly are not such at all, but this does not apply to the case at bar.

It does not appear that the plaintiff in this suit sets up, in the sense of chapter V., the nullity of his mother's contract. It is true that the contract was valid in form, and, under the

allegations of the bill of complaint, was invalid in substance in that the mother could not convey the son's interest. But this is not a suit against the party contracting with the mother. So far as the complainant is concerned the defendant need be in possession under no contract of any kind. The bill alleges that the defendant is properly in possession of a half interest. This is a claim by a third party, and says in effect that he cares nothing one way or the other about how the defendant got into possession. It is not a question of contract between the parties to this suit.

It follows, therefore, that the ground of the motion under § 1268 of the Civil Code of Porto Rico is not well taken.

4. The motion is also made to dismiss the bill for want of equity. While this is general in its nature, it is sufficient; for such a motion, unlike a demurrer, may be in general terms.

In support of this motion it is urged in the first place that the complainant has not been declared heir of his father as provided for in § 19 of the act relating to special legal proceedings as to intestacy. This section provides as follows:

"In cases of intestate succession, or of the nullity of a will, those who may have an interest in the inheritance may petition the district court of the last domicil of the decedent, or of the place where his property is situated, for the issuance of the corresponding order of heir's declaration.

"(1) The petition shall state, under oath, the death of the person the heirship or succession to whom is claimed;

"(2) That according to the best information and belief of the petitioner, who shall state the sources of such information and the grounds for such belief, the said decedent died without leaving a will; that due search and inquiry have been made and that

none has been found, or if he left a will, that same has been declared void;

"(3) The names and domicils of persons who are entitled to the heirship or succession; or,

"(4) The probatory means of which the petitioner intends to make use in order to prove that those indicated by him are the only heirs.

"The judge to whom the petition has been presented, in the briefest period possible, shall hear the proof presented, and from the result thereof shall issue the proper order. Said order shall be issued without prejudice to a third party, unless it relate to heirs at law."

The bill of complaint does not allege any proceedings by which complainant has been declared to be the heir of Claudio Poyet, whom he claims to be his father. The bill says that "the said Poyet having died and leaving as his only legitimate heirs his wire and his son," the widow proceeded to obtain title, etc.

The civil law is different from the common law in that legal proceedings as to heirship are required under the civil law, while at common law the property descends to the next of kin without more. At the Roman law the heir was charged with many of the duties which at common law fall to the executor, and under the Spanish civil law the heir is liable for debts of the decedent if he does not claim the right of inventory,—a provision dating back to Justinian. The immediate question is whether the allegation that one is an heir is sufficient without alleging the necessary steps by which he has been declared heir. Whatever might be the rule upon demurrer, it cannot be said that a bill must be dismissed for want of equity because it alleges a legal result, and not the proceedings leading up to this result. If the

complainant is heir, as he alleges, there is equity in the bill. How he will be shown to be heir is a matter of proof.

5. It is also argued that the bill is without equity because it is one for partition on the part of the party who is not only not in possession but whose title is disputed by the defendant. Can equity authorize partition under such circumstances?

Equity has, ever since the time of Elizabeth, had an inherent jurisdiction in the matter of partition, regardless of what remedies may be allowed at law. 3 Pom. Eq. Jur. § 1386. There is, however, this limitation. The complainant must show in himself such title as will establish his right to a partition as against the defendant. "Where the complainant's legal title is disputed, courts of equity decline the jurisdiction to try this question; but in analogy to the case of dower they will retain the bill for a reasonable time until the issue of title has been determined at law." Ibid. § 1388. In some states courts of equity are authorized by statute to determine cases of title arising in partition suits. McMath v. De Bardelaben, 75 Ala. 68. But there is no such statute in Porto Rico. It appears from the whole bill that complainant's title is denied by the defendant.

In other words, while it may not be necessary for the complainant in partition to be actually in possession, he must be constructively in possession to the extent that his title is not disputed, or at least that it is determinable at law. The bill says that the reason why the action terminated in favor of the defendant was that the "plaintiff, being owner of an undivided half interest only of the land, had no right of action until the determination of his right to a half interest had been made by a competent tribunal." It is not shown what was the competent tribunal or why such decision has not been obtained. It is possi-

ble that it is supposed that a court of equity is such a tribunal, but a court of equity will not determine the question of title, except as incidental to some equitable right. A common-law trial in matters of title is required by the Constitution. A suit for a partition in equity is not a substitute for an action of ejectment. Carlson v. Sullivan, 77 C. C. A. 32, 146 Fed. 476; Bearden v. Benner, 120 Fed. 690. This court can retain a bill until the issue of title has been settled at law. Whether that can be done in the case at bar is not clear, but it is not usual under such circumstances to grant a motion to dismiss for want of equity without allowing an opportunity to amend or take proper steps as to establishing title at law.

The motion to dismiss for want of equity must be granted unless the complainant within ten days amends his bill of complaint or takes other steps necessary to meet the above objections.

It is so ordered.