**DOYLE et al. v. LORING et al.**
No. 8239.

Circuit Court of Appeals, Sixth Circuit.
Nov. 10, 1939.

338

George M. Dunn, of Johnson City, Tenn., for appellants.

W. Morris Miles, of Union City, Tenn. (Miles & Miles, of Union City, Tenn., on the brief), for appellees.

Before HICKS, HAMILTON, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

The District Court dismissed the bill filed March 29, 1938, for lack of jurisdiction over the subject matter, and for lack of proper venue.

The plaintiffs were, Lourena Loring Marshall, a citizen and resident of Washington County, Tennessee; Mabel Loring Doyle, a citizen and resident of California; and Helen Doyle Knox, Benjamin Doyle and Marshall Doyle, citizens and residents of Arizona. They sue as heirs and distributees of B. F. Loring, who died in Danville, Illinois, October 30, 1937.

The defendants were, Mrs. B. F. Loring, the widow of B. F. Loring, sued individually and as administratrix of his estate by appointment of the County Court of Obion County, Tennessee; the United States Fidelity & Guaranty Company, a corporation domesticated in Tennessee and in the Eastern Division of the Western District of the court; and The First National Bank of Danville, situated and doing business in Danville, Illinois.

The bill averred that B. F. Loring resided for many years in Union City, Obion County, in the Eastern Division of the Western District of Tennessee; that he had accumulated an estate, estimated at $40,000 to $50,000, consisting of real estate, Government bonds, cash and deposits in banks; that around 1934 or 1935 he became totally incapable of handling his affairs and that while in this condition he withdrew $14,-000 from the banks and $25,000 in Government securities; that at one time he withdrew from one bank over the protest of its officials $5,000, which Mrs. Loring, who was with him, secreted in the folds of her dress; that Mrs. Loring, with the aid of her brother, by artifice, trick, fraud and subterfuge induced the deceased, then of unsound mind, to withdraw all of his funds and securities and turn their possession over to her in order that she could appropriate them to her own use and defeat the

laws of descent and distribution; that she then had the deceased admitted as a World War Veteran to a Government hospital at Danville, Ill.; that The First National Bank of Danville was appointed Conservator of his estate in Illinois and after his death was appointed as Administrator of his estate in that State; that Mrs. Loring withheld from the Bank both the assets of the estate and the fact that she had illegally converted them to her own use; that after the death of Loring, Mrs. Loring qualified as Administratrix in Obion County, Tenn., and gave bond in the sum of $1,000 with the United States Fidelity & Guaranty Company as surety; that she filed an inventory as follows: "Deposited in Third National Bank $171.96" and left for parts unknown; that she returned and carried away the household furniture; that the deceased had a safety deposit box in the Third National Bank of Union City which at one time contained his will; that after his death the box was opened in the presence of Mrs. Loring and in the absence of any one representing plaintiffs; that if the will was not in the box when it was opened, it had been in some way destroyed or suppressed; that in 1933 the deceased turned over to the Government $40,000 in gold certificates and received other lawful money in exchange; that from that time he lived inexpensively upon his income and investments; that his hospitalization was without expense and that this large sum was being secreted and withheld from plaintiffs as the lawful distributees thereof.

Plaintiffs averred that they had the right to prosecute the bill as a bill of discovery and to have all the assets of the estate reduced to possession and distributed to those entitled thereto. They sought the appointment of an administrator ad litem and averred that after the assets of the estate have been recovered, the same should be administered either in the District Court, or in the County Court of Obion County, Tenn. Plaintiffs averred that in addition to prosecuting the bill as a bill of discovery they were entitled to judgment against Mrs. Loring for all sums illegally appropriated by her and against her surety, the Guaranty company, upon her bond.

█ It will be noted that Mrs. Loring in both her individual and representative capacity is the only real or indispensable defendant. In considering the question of jurisdiction we may disregard the presence of both the United States Fidelity & Guar-

anty Company and The First National Bank of Danville as party defendants. The bill sets up no basis for discovery as against either of them. See Interstate Refineries, Inc., v. Barry, 8 Cir., 7 F.2d 548, 550.

As to Mrs. Loring, individually and as administratrix, the theory of the bill is that plaintiffs are entitled to a discovery of the assets of the deceased in aid of their right to an accounting, settlement and distribution thereof.

█ The High Court of Chancery in England, prior to the adoption of our Constitution and the Judiciary Act of 1789, 1 Stat. 73, entertained bills of discovery. It follows therefore that the District Court as between plaintiffs and Mrs. Loring, citizens of different States, had jurisdiction where the amount in controversy was, as alleged, more than $3,000 exclusive of interest and costs. Title 28, Sec. 41(1), U. S.C., 28 U.S.C.A. § 41(1); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Toledo, St. Louis & W. Ry. Co. v. Perenchio, 7 Cir., 205 F. 472. The fact that the County Court of Obion County, Tenn., had jurisdiction to settle the estate did not preclude jurisdiction of the District Court. Rich v. Bray, C.C., 37 F. 273, 2 L.R.A. 225.

█ The important question is that of venue. The statute, title 28, Sec. 112(a) U. S.C., 28 U.S.C.A. § 112(a), provides that where the action is between citizens of different States, "suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The suit was brought in the Western District of Tennessee and no plaintiff was a resident of that district. According to the averments of the bill, Mrs. Loring was not a resident of the Western District. When sued there it was her privilege seasonably to contest the jurisdiction or to waive the question. Seaboard Rice Milling Co. v. Chicago, etc., R. Co., 270 U.S. 363, 365, 46 S.Ct. 247, 70 L. Ed. 633. She took the former course and on May 16, 1938, not intending to submit herself to the jurisdiction of the court, she appeared specially for the sole purpose of questioning the jurisdiction over her person and entered two motions, one as an individual and the other as administratrix, to dismiss the action upon the ground that she was, at the time the suit was brought, a citizen and resident of Texas. Upon the hearing of these motions it was stipulated that at the time the bill was filed she was and "still is" a resident and citizen of Tex-

as. Ordinarily this stipulation would terminate the controversy in favor of Mrs. Loring individually and as administratrix, for, upon the question of jurisdiction her citizenship as administratrix was identical with that of her personal citizenship. Memphis St. Ry. Co. v. Bobo, 6 Cir., 232 F. 708, 710.

But there is another feature of the case to be considered. On April 4, 1938, a summons issued for Mrs. Loring, both as administratrix and individually, directing her to appear and answer on the fourth Monday in September, 1938. The return shows that Mrs. Loring could not be found in the District and that it was executed by the Marshal by serving it upon the County Court Clerk of Obion County, Tenn., and leaving with him a copy of the bill and of the summons and directing him to notify Mrs. Loring of such service and to direct her to appear in obedience thereto.

■■■ The supposed authority for the issuance of this summons and the return thereon is found in Sec. 8148 of the Tennessee Code, printed in the margin.[1] The section is inapplicable for two reasons: (1) The issuance and service of process under it is limited to cases wherein a citizen or resident of the State sues a non-resident administrator for a debt or demand due or owing from the intestate, and such is not this case; and (2) venue established by a Federal statute cannot be impaired or annulled by a State statute. See Memphis Street Ry. Co. v. Bobo, supra, 232 F. at page 710. Moreover, the service of process in equity cases is controlled by Equity Rule 13, 28 U.S.C.A. following section 723.

■■■ It is urged that the motion to dismiss was untimely. The record does not disclose when Mrs. Loring received notice of the suit, but the summons was served upon the County Court Clerk on April 16, 1938, requiring her to answer on the fourth Monday in September. She filed her motions on May 16, 1938, and upon this state of the record we are not justified in saying that their filing was unduly delayed. Appellants insist that the application of Rules 17(b), 4(d) (1), 4(d) (7), 12(h), 28 U.S.C.A. following section 723c, requires a result different from that reached by the District Court. We are not required to enter into a detailed discussion of the rules. The Rules of Civil Procedure became effective while the suit was pending and whether they should have been applied was in the discretion of the court (Rule 86). Moreover, the rules do not affect the statutory venue of actions in the District Court (Rule 82).

The decree is affirmed.

---

[1] "8148 3937a1. Nonresident executor or administrator qualified here may be sued here by service of process on county court clerk.—Whenever a nonresident of the state qualifies in this state as the executor or administrator of a person dying in or leaving assets or property in this state, for the purpose of suing or being sued, he shall be deemed to have assented to be treated as a resident citizen of this state; and, in case it is desired by any citizen or resident of this state to sue said administrator or executor in his official capacity for any debt or demand, due or owing to any citizen or resident of this state, from his testator or intestate, then, in case of the inability of the officer in whose hands process is placed to find said administrator or executor in this state, notice of said suit, served upon the clerk of the county court of the county wherein said party qualified as administrator or executor, shall be sufficient notice to bring said administrator or executor before the court issuing said process; provided that said clerk shall notify by United States registered return-receipt mail said executor or administrator of such notice having been served upon him. * * *"