L. BESSER, Respondent, v. J. C. HAWTHORN, CINCIN-
NATUS SHULTZ AND MARY SHULTZ, Appellants. *

*Appeal from Multnomah County.*

Parties—Subsequent Incumbrancers.—The statutes of this state were silent
until 1862 as to whether subsequent incumbrancers were necessary par-
ties to suits of foreclosure. In the absence of any statutory provisions
on the subject, the general equity rule laid down in equity pleadings is
applicable, which is, that all incumbrancers, whether prior or subsequent,
are proper parties, and if omitted, the decree will not bind their rights.

On the twentieth of June, 1859, one of the defendants,
Cincinnatus Shultz, for a valuable consideration, executed
to the plaintiff his note for $500, payable in two years, with
interest at three per cent. per month. To secure the pay-
ment of the note, Shultz and Mary his wife executed a
mortgage upon the property described in the complaint, of
which Shultz was then the owner in fee, which mortgage
was duly recorded on the twenty-second day June, 1859.
Shultz had purchased this property of James B. Stephens,
on the seventh day of June, 1859, for $400, for which he
had given his note, and to secure which, he had executed a
mortgage upon the same property, which was also duly
recorded on the twentieth of June, 1859. The wife of
Shultz did not join in the mortgage.

In October, 1859, Stephens commenced a suit to foreclose
his mortgage, making Shultz a defendant, but he did not
make the said Mary or this plaintiff parties. On the twenty-
third of November, 1859, he obtained a decree of foreclos-
ure and sale, and judgment for the amount of his note and
interest. And on the thirty-first of December, 1859, he
purchased the block at sheriff's sale under said decree, for
$620, and received a sheriff's deed on the twenty-second of
June, 1860. Stephens and wife conveyed the property to
Mary White on the twentieth of December, 1860, and Mary

---

* The opinion in this case has been filed since the insertion of the note on the page
*Ante.*

White and her husband conveyed it on the thirtieth of October, 1866, to the defendant, J. C. Hawthorn.

The plaintiff filed his bill in this suit on the thirtieth of January, 1867, against Shultz and wife and J. C. Hawthorn, to foreclose his mortgage. Shultz and wife made default, but Hawthorn filed his answer, setting up substantially, that the plaintiff being a second mortgagee, was barred by the foreclosure of the first mortgage, he having failed to redeem within the time limited by statute. At the hearing, the court below decreed a sale of the premises, and that the proceeds be applied, first, to the payment of the principal and interest of the defendant Hawthorn, the note given to Stephens for $400; second, to the payment of principal and interest of the note held by plaintiff; third, the residue to the defendant Hawthorn.

*J. H. Reed*, for the appellant.

*Mitchell, Dolph & Smith*, for the respondent.

PRIM, J. The principal question arising in this case results from the omission of the second mortgagee as a defendant in the foreclosure of the first mortgage. The statute in force in this state prior to 1862 was silent upon the necessity of making subsequent incumbrancers parties to suits of foreclosure. The general rule, as stated in Story on Equity Pleadings, sec. 193, was, "that all incumbrancers, as well as the mortgagor, should be made parties, if not as indispensable, at least proper parties to such a bill, whether they are prior or subsequent incumbrancers." This rule, we think, was undoubtedly applicable in the absence of any statutory provision on the subject. In the argument of the case, counsel seem to differ very radically as to the effect of a subsequent incumbrancer not being made a party in the foreclosure of a first mortgage. It is claimed by respondent, that if he should be omitted, he would in no way be bound by the decree; while it is insisted by appellant that he would be bound by it, and could only attack the pro-

ceedings on the ground of fraud or collusion. The rule seems to be well settled and uniformly supported, that subsequent incumbrancers must be made parties, and if omitted, the decree will not bind their rights.

In the case of *Hains et al.* v. *Beach et al.*, in 3 Johnson's Ch. 461, the same question raised in this case was before the court for decision, and the chancellor, in delivering his opinion, said: "It was the duty of Gardner [the first mortgagee] to have made the younger mortgagee a party to his bill; and all incumbrancers existing at the commencement of the suit are entitled to be parties, for they have an interest to be affected, and ought to have an opportunity of paying off the prior incumbrances. The rule, therefore, has been well settled and uniformly supported, that the subsequent incumbrancers must be parties, and if omitted, the decree will not bind their rights." The chancellor then proceeded to cite a large number of English cases sustaining this rule.

Section 64 of the act of 1854, page 204, in providing what shall be the force and effect of deed obtained under decrees of foreclosure, provides that " such deeds shall be as valid as if executed by the mortgagor and mortgagee, and shall be an entire bar against either of them, and against all parties to the suit in which the decree for such sale was made, and against their heirs respectively, or all persons claiming *under such heirs.*"

By this section of the statute, the deed is binding *only upon parties to the suit and their heirs.* Then we think it may be legitimately inferred from this provision, that it is not binding on persons having specific liens against the property at the time of the commencement of suit, and not made parties. It will be further observed that this section provides that such deeds shall vest in the purchaser the same estate and no other or greater than would have vested in the mortgagee, if the equity of redemption had been foreclosed; and it " shall be as valid as if executed by the mortgagor and mortgagee." Then in this case, if Shultz and Stephens had conveyed all their rights without foreclosure to Haw-

thorn, who now claims under the foreclosure sale, he would in that event become the owner of the prior mortgage, and of the equitable right of redemption, subject to the payment of the amount due on the second mortgage owned by Besser, the plaintiff in this suit. Then the sale under the decree in the foreclosure suit, brought by Stephens upon the first mortgage was wholly inoperative as to the rights of Besser, the second mortgagee, for the reason that he was not a party to that suit. The only right therefore, which Hawthorn acquired under that sale, as against Besser, was the right to the prior lien upon the premises, to the extent of the amount of money due on the Stephens note and mortgage, at the time of sale, in the same manner as if Stephens had assigned that mortgage to him without foreclosure. But as against Shultz, the mortgagor, he acquired the right of redemption, subject to the payment of the amount due on Besser's mortgage, which was a specific lien on the property. Therefore, we hold that Besser's right to foreclose his mortgage, was not impaired, and that his mortgage remains a valid and subsisting lien on the premises, it being of record. (*Vanderkemp et al.* v. *Shelton*, 11 Paige, 28.)

The decree of the circuit court was correct, and therefore is affirmed.