MADDEN et al. v. McKENZIE.

(Circuit Court of Appeals, Ninth Circuit. February 19, 1906.)

No. 1,227.

1. ACTION—FORMS—LEGAL AND EQUITABLE—DISTINCTION—ABOLITION—EFFECT.

The provision of Code Civ. Proc. Alaska (Carter's Codes Alaska, p. 145, § 1), abolishing the distinction between actions at law and suits in equity, and providing that there shall be but one form of civil action, while it does not abolish all distinction between law and equity as to procedure, renders inapplicable to any complaint the objection that plaintiff has a plain, speedy, and adequate remedy at law. The remedy of defendant in case the complaint, while framed ostensibly as a bill in equity, is in substance a complaint in an action at law, being to move that the action be tried as one at law, and, where a case is determined on the pleadings and the appropriate judgment is rendered, it is immaterial whether the cause was regarded as in equity or at law.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, §§ 156–158, 313–316.]

2. LANDLORD AND TENANT—MODIFICATION OF LEASE—ORAL AGREEMENT—CONSTRUCTION.

An alleged oral agreement made some time after the execution of a lease between the parties held not to change the terms of the lease, nor authorize its forfeiture because of a breach of such oral agreement.

3. APPEAL AND ERROR—FORM OF PROCEEDING FOR REVIEW—ESTOPPEL.

Where the complaint, in an action in a court of Alaska, was in form a bill in equity and prayed for equitable relief, and the suit was treated

as one in equity by the court below, the plaintiff cannot object that proceedings for review taken by defendant were by appeal rather than by writ of error.

Appeal from the District Court of the United States for the Third Division of the District of Alaska.

The appellee, as plaintiff in the court below, filed a complaint against the appellants, as defendants, in which she alleged, in substance, that on September 23, 1904, she entered into a written agreement with the defendants, whereby they leased to her 19 rooms, comprising the second story of a certain building, for one year, with the privilege at the end of that term of renewing the lease for another year if the defendants then remained the owners of the building; that she took possession of such leased property and duly paid the rent thereof; that on May 29, 1905. while she was in such possession, the defendants unlawfully and by force and violence ejected and ousted her from such possession, and since said time have forcibly withheld the same; that the defendants are insolvent and unable to respond in damages in any sum whatever; that unless possession is restored to the plaintiff she will sustain irreparable loss and injury; that she has no plain, speedy, or adequate remedy at law; and that she has been damaged by the said acts of the defendants in the sum of $500. The prayer of the complaint was for a decree adjudging the plaintiff to be entitled to the immediate possession of the leased premises, and that the same be forthwith restored to her, that the defendants be restrained from disturbing such possession, and that a mandatory injunction issue forthwith restoring her to possession.

The defendants moved to dismiss the action, on the ground, among others, that it appeared from the allegations of the complaint that the plaintiff had a plain, speedy, and adequate remedy at law. They also demurred on the ground that the complaint stated no cause of action. Both the motion and the demurrer were overruled by the court. The defendants then answered, admitting the essential averments of the complaint, denying that the plaintiff had no plain, speedy, and adequate remedy at law, and denying the allegation of damages. As an affirmative defense, they alleged that on or about September 26, 1904, the plaintiff and the defendants entered into an oral agreement which substituted in part and took the place of said written agreement, wherein it was agreed that, in addition to the terms stated in said written agreement, the plaintiff should at all times use her best efforts to keep all of said leased rooms occupied as a hotel and lodging house by persons most liable to patronize the bar of the defendants, which was immediately under said rented rooms, and that the plaintiff agreed that she would personally occupy said premises and manage the said rooms; that as the consideration thereof she was to receive all liquors sent to her apartments at half rate, and receive a commission of 25 per centum on all liquors purchased by her or sent to said apartments; that said agreement was carried out by her until May 28, 1905, when she moved all the furniture from said rooms, excepting four rooms, to another rooming house, and induced, advised, and commanded the occupants of said leased premises to leave the same and go with her, to said other building; that thereupon the defendant Donohue, who had succeeded to the right of his codefendant, notified the plaintiff that she had violated her contract and lease, and declared the same forfeited; that said Donohue is wholly solvent and able to respond in damages in the sum of $10,000; and that the plaintiff has a plain, speedy, and adequate remedy at law.

The case was heard on the motion of the plaintiff for judgment on the pleadings, and judgment was rendered in her favor, adjudging her to be the owner of a legal estate in said premises of which she was entitled to the immediate possession, and that she have judgment for her costs and disbursements, and a writ of restitution. The rulings of the trial court on the motion to dismiss, on the demurrer, and on the motion for judgment are assigned as error.

Claypool, Stevens, Kellum & Cowles (Edward E. Cushman, of counsel), for appellants.

J. C. Campbell, W. H. Metson, F. C. Drew, John S. McGinn, and Ira D. Orton, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The Code of Civil Procedure of Alaska, while in the main it follows closely the Code of Oregon, differs essentially from it in the particular that it provides:

"The distinction between actions at law and suits in equity and the forms of all such actions and suits are abolished. There shall be but one form of action for the protection of private rights and the redress and prevention of private wrongs, which is dominated a civil action." Carter's Codes of Alaska, p. 145, § 1.

Such a statute, while it does not abolish all distinction between law and equity as to procedure, has the effect to render inapplicable to any complaint the objection that the plaintiff has a plain, speedy, and adequate remedy at law. Under such a statute, if the facts pleaded present a case of equitable cognizance, the cause will be heard upon the equity side of the court according to the procedure provided for the disposition of such a case, and, if the complaint is sustained, the plaintiff will be given equitable relief. If, on the other hand, the facts alleged are such as to bring the case within the cognizance of a court of law, it will be tried as an action at law, and the right of the parties to a jury trial will be conserved. If a complaint be framed ostensibly as a bill in equity, praying for equitable relief, and yet is in its substance a complaint in an action at law, the remedy of the defendant is to move that it be dealt with and heard as an action at law. Pomeroy's Eq. Jur. (2d Ed.) § 258; White v. Lyons, 42 Cal. 279; Smith v. Clopton, 4 Tex. 109; Ely v. New Mexico, etc., R. R. Co., 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 688. In Daniell's Chancery Practice (6th Am. Ed.) in the note to section 630, it is said:

"Under the Code procedure, where legal and equitable relief is granted under one complaint, the plaintiff, in order to obtain equitable relief, is not required to show that there is no adequate remedy at law."

If the present case had gone to trial upon an issue of fact in the court below, and had been tried under the provisions of the Code of Alaska governing the trial of equitable causes, and the defendants had been denied a jury trial, there would be, no doubt, ground for reversal. But, although the trial court may have been of the opinion that the cause of action alleged in the complaint was an equitable one, and may have dealt with it as such, it can be readily seen that the relief which was awarded was nevertheless appropriate to the pleadings. It was a judgment for the plaintiff on the pleadings on the ground that the answer stated no defense to the complaint. If, therefore, the appropriate judgment was ren-

dered on the pleadings, it is immaterial whether the cause was regarded as a suit in equity or an action at law.

It is contended that the new matter stated in the answer was such that, if true, the defendants were authorized to declare the lease forfeited. We find it unnecessary to discuss the question whether it was competent to alter the written agreement of lease by the alleged oral understanding. As that oral understanding is pleaded in the answer, it falls short of alleging that the written agreement was altered. Taking all the averments of the answer to be true, they amount to this: That three days after the execution of the written lease the parties entered into a collateral oral agreement, whereby the plaintiff was to so conduct the rented premises as to bring custom to the saloon of the defendants, in consideration whereof she was to receive certain concessions and commissions. It is nowhere alleged that her agreement so to do was one of the conditions on which the property was leased to her, or that it was agreed that a breach of her promise should work a forfeiture of the lease. In the written agreement there was to be forfeiture of the lease only on the failure of the plaintiff to pay the stipulated rent or her commission or permission of waste. There was no general provision that her failure to perform her covenants should be ground for forfeiture. Forfeitures are not favored in law, and forfeiture will not be sustained except upon proof of a distinct and definite agreement that it is to be the penalty of a breach of the contract. We find no error in the ruling of the court on the motion for judgment on the pleadings.

Some of the foregoing considerations are applicable to the motion made by the appellee to dismiss the appeal. The motion was made on the ground that the complaint is, in fact, a complaint in ejectment, that the judgment is one for restitution of possession, and that the case is therefore a law case, reviewable only by writ of error. This motion does not come with good grace from the appellee, who presented the cause of action in the form of a suit in equity, and alleged in her complaint that she had no plain, speedy, or adequate remedy at law. But, irrespective of that fact, we do not think the motion can be sustained. The complaint was in form a bill in equity, and prayed for equitable relief. There is nothing in the proceedings to show that the trial court regarded the case otherwise than as a suit in equity, or that it was ever transferred to the law side of the court. It was not for the appellants, on taking their appeal, to change the nature of the case that was made in the court below. They could only bring the case to this court as they found it. If it was in form a suit in equity, it was proper to bring it here by appeal.

The motion to dismiss is denied. The judgment of the court below is affirmed.