FORDERER v. SCHMIDT et al.*

(Circuit Court of Appeals, Ninth Circuit.  June 18, 1906.)

No. 1,245.

PARTITION—MINING CLAIMS—EQUITY—EJECTMENT.

Where plaintiff brought suit for partition of a mining claim alleging ownership in common with defendants of the property in controversy, and defendants' answer expressly conceded plaintiff's original ownership of an undivided one-half of the claim and only sought to defeat that ownership by alleging forfeiture for plaintiff's failure to contribute to the performance of assessment work, the action was properly triable in equity under Code Civ. Proc. Alaska, c. 43, §§ 397, 398, 403, providing for the partition of lands, and it was therefore error for the court to dismiss the cause and remit plaintiff to his action in ejectment.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partition, § 190.]

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

G. J. Lomen and Charles E. Naylor, for appellant.
Gordon Hall, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This action was brought under chapter 43 of the Code of Civil Procedure of Alaska, for the partition of a certain specifically described mining claim situated in that territory. The statutory provisions applicable to the case are as follows:

---

*Rehearing denied October 29, 1906.

"When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance * * * any one or more of them may maintain an action of an equitable nature for the partition of such real property according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be made without great prejudice to the owners."

"The interests of all persons in the property, whether such persons be known or unknown, shall be set forth in the complaint specifically and particularly as far as known to the plaintiff. * * * *"

"The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried, and determined in such action, and where a defendant fails to answer or where a sale of the property is necessary, the title shall be ascertained by proof to the satisfaction of the court, before the judgment of partition or sale is given."

Sections 397, 398, 403, c. 43, Code Civ. Proc. Alaska.

In the complaint filed by the appellant, who was the plaintiff in the court below, he alleges that he and the defendants to the action own and possess as tenants in common the mining claim in question, and that he is desirous of a partition thereof; that the plaintiff has an estate of inheritance in the claim "of an undivided one-half interest therein, subject only to the fee of the United States after location and before patent of said claim"; that each of the defendants have a similar estate of an undivided one-fourth interest, and that the said parties own no other land in common in the district of Alaska; that the claim is valuable only for the gold deposited therein, but that such gold is so distributed and the claim so situated with reference to such deposits that partition thereof cannot be made without great prejudice to the owners, and that therefore it will be necessary to sell the claim and divide the proceeds of such sale between the parties, in accordance with their respective interests; that in order to preserve the interests of the alleged owners it is necessary to represent the claim and perform assessment work thereon each year of the value of at least $100, and that the defendants, by threats of violence, have prevented the plaintiff from representing the claim or doing such assessment work thereon for the year 1903, and threaten to continue to so prevent the plaintiff, and to refuse him the beneficial use of the premises; that the defendant Schmidt has, during the two years then last past, mined and extracted a large amount of gold dust from the claim, of the value, according to the plaintiff's information and belief, of more than $10,000, and refuses to account to the plaintiff for his share thereof; that the defendant Schmidt continues to mine and extract gold from the premises, and unless enjoined from so doing by the court will continue so to do, by which alleged unlawful acts it is alleged the plaintiff will suffer great and irreparable injury in his said property, and complications in the adjustment of the respective interests of the parties will thereby arise. The prayer is for a judgment of partition according to the respective rights of the parties, or, if a partition cannot be had without material injury to those rights, then for a sale of the premises and a division of the proceeds of such sale between the parties in accordance with their respective rights, after the payment of costs, and that pending the action the defendants be enjoined from interfering with the

plaintiff in representing or prospecting the claim, and be en from mining or extracting gold therefrom, and also for an accou for the gold already extracted, and for such other relief as m. proper.

In their answer, the defendants, among other things, in effect admit, by affirmatively alleging, that from November 2, 1900, until the alleged forfeiture afterwards mentioned, the plaintiff was the owner of the undivided one-half interest in the mining claim sought to be partitioned, and then proceed to allege that the defendant Schmidt performed the assessment work on the claim for the years 1901 and 1902, and that the plaintiff did not at any time contribute his proportion of such expenditure, nor in any way reimburse the defendant Schmidt, whereupon the defendant Schmidt "published in a weekly newspaper called 'The Council City News,' at Council City, Alaska, that being the newspaper nearest the aforesaid mining claim at said time, for once a week for ninety days, the first publication appearing in the issue of said paper published on the 27th day of September, 1902, a notice directed to said plaintiff, requiring him (the plaintiff) to contribute his proportion of the aforesaid expenditures within 90 days after the expiration of the publication of said notice, in which notice it was set forth that the defendant Schmidt had expended $100 in performing the annual labor and making the improvements hereinbefore mentioned for the year 1901, and also that said defendant Schmidt had expended $100 for the performance of the annual labor and making the improvements aforesaid for the year 1902, and said notice also contained a statement that, if the said plaintiff did not contribute his proportion of the expenditures aforesaid, as co-owner, plaintiff's interest in said claim would become the property of said defendant Schmidt, under section 2324 of the Revised Statutes of the United States" [U. S. Comp. St. 1901, p. 1426]; that the plaintiff did not, within 90 days after the publication of the notice, contribute or pay his share of the expenditure for either of the years mentioned; that no patent has been issued by the government for the claim; and that by reason of such neglect the plaintiff, prior to the institution of his action, ceased to have any interest as owner or otherwise in the mining claim, and his former interest therein thereupon vested in the defendant Schmidt. And "for a further and separate defense, and by way of accounting," the defendants set up in their answer that, if the plaintiff has or should be adjudged to have an interest in the mining claim, then and in that event the defendant Schmidt is entitled to have charged against the claim, as a lien upon any interest which may be adjudged the plaintiff, certain expenditures made by him in working and making improvements thereon, resulting in the expenditure, according to the allegations of the answer, by the defendant Schmidt, of the sum of $17,607.14 during the years 1902 and 1903, during which time it is alleged he received from the claim $3,800 in gold dust, leaving a balance expended upon the claim by Schmidt of $13,807.14, for one-half of which it is alleged the interest of the plaintiff, Forderer, is liable, no part of which, it is alleged, has been paid, and for which it is charged the defendant Schmidt is entitled to a lien against the interest of the plaintiff in the

claim. The answer of the defendants also alleges that, in addition to the amount last specified, the interest of the plaintiff, should he be adjudged to have any interest in the claim, should be charged with $100 expended by Schmidt in the annual work thereon. The prayer of the answer is that the action be dismissed and the plaintiff adjudged not to have any interest therein, and that, if he be adjudged to have an interest, then that the defendant Schmidt be adjudged to have a lien upon that interest in the full sum of $6,903.57, and that such lien be enforced.

The reply of the plaintiff to the answer put in issue all of its allegations except such as are specifically admitted therein, among which is the admission that since the 2d day of November, 1900, the plaintiff "was, and he still is, the owner of an undivided one-half interest in and to the placer mining claim described in the complaint," and the further allegation that the defendant Schmidt performed the assessment work thereon for the years 1901 and 1902, of the value of $100 for each year, but alleges that he (the plaintiff) contributed to the cost of said work and labor more than his share thereof, to wit, more than $100, and in the month of April, 1901, at San Francisco, Cal., advanced to and paid the defendant Schmidt, for the purpose of said assessment work, and for other services to be performed, and improvements to be made upon the claim, and in outfitting and transporting the defendant Schmidt from San Francisco to the claim, the sum of $1,730, and in addition thereto made to the defendant Schmidt a personal loan of $100, no part of which has been repaid. In his reply the plaintiff further alleges, upon his information and belief, that the defendant Schmidt has not expended any money for work or labor or materials or improvements made upon the claim, except such money as was furnished to him by the plaintiff, and such as was extracted by him from the claim, one-half of which belongs to plaintiff, and for which he has at no time had any accounting. In his reply, the plaintiff also admits the publication by the defendant Schmidt, on or about the 27th day of September, 1902, in The Council City News, of a notice of forfeiture, a copy of which is attached, and which notice, the plaintiff alleges was published "wrongfully, unlawfully, and in bad faith on the part of said defendant Schmidt, with intent then and there fraudulently to divest the said plaintiff of his interest in said claim, notwithstanding the advances aforesaid made by the plaintiff; that the plaintiff, notwithstanding his said advances, and in order to prevent a cloud upon his title to said mining claim, on the 12th day of October, 1902, by his agent, Adolph Niemann, tendered to said defendant Schmidt the full sum of $200, the amount demanded by said defendant Schmidt in his said notice of forfeiture, all of a legal tender money of the United States, but that said defendant Schmidt then and there refused to accept said sum or any part thereof." In his reply the plaintiff also admits that no patent to the claim has been issued by the government, and denies that any greater sum than $3,500 has at any time been expended by the defendant Schmidt in working and improving the claim, and alleges that the gross output derived by him during the years that he worked the ground greatly exceeded his expenditures.

The issues thus presented by the pleadings on the part of both the plaintiff and the defendants are clearly of an equitable nature, and properly triable by the court under the provisions of the Alaskan statute above set out. The court therefore erred in dismissing the cause and remitting the plaintiff to an action in ejectment. The defendants in their answer expressly concede the original ownership by the plaintiff of an undivided one-half of the claim in question, and only seek to defeat that ownership by an alleged forfeiture thereof, which is itself a matter of equitable cognizance.

The judgment is reversed, and cause remanded for further proceedings.