PIONEER MINING CO. v. PACIFIC COAL CO. et al.

(Second Division. Nome. May 27, 1911.)

No. 2245.

1. QUIETING TITLE (§ 27*)—FORM OF ACTION.
    Where a person brings an action of an equitable nature under section 475 of the Alaska Code of Civil Procedure, alleging that he is in possession of real property, against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest, it is a suit in equity and will be tried as such, regardless of the character of the answer. The forum is determined by the allegations of the complaint.

    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 61; Dec. Dig. § 27.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

2. EQUITY (§ 42\*)—JURISDICTION—WAIVER OF OBJECTIONS.

    Plaintiff brought suit in equity to quiet title·under provisions of section 475 of the Alaska Code of Civil Procedure. The defendants' answer contained affirmative equitable defenses and prayer for equitable relief. After issue the defendant moved for an order assigning the cause for jury trial. *Held*, defendant has submitted to the jurisdiction of equity, and the court sitting in equity must determine the whole controversy. The rule is that, if a defendant does not wish to submit himself to the jurisdiction of equity, he must, before answering to the merits, have the jurisdictional facts determined either by demurrer or other proper plea.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 119, 120; Dec. Dig. § 42.\*]

Plaintiff brings this action and alleges in paragraph 4 of its complaint that plaintiff is now, and for a long time hitherto has been, the owner of and in the possession of that certain placer mining claim lying and being in the Cape Nome recording district, district of Alaska, and known as Bench No. 1, Moonlight creek, near Moonlight springs, and describes it by metes and bounds and courses and distances according to survey No. 608. Plaintiff further alleges in paragraph 5 that defendants, and each of them, claim and assert an interest in said premises adverse to plaintiff, the extent and nature of which adverse claims are to plaintiff unknown. Plaintiff further alleges in paragraph 6 of its complaint that the claims of said defendants, and each of them, are without any right whatever. Plaintiff in paragraph 7 of its complaint further alleges the value of the property to be $10,000, and prays that the defendants be forever restrained and enjoined from asserting any claim whatever in and to said premises adverse to plaintiff, etc.

To this complaint the defendants have answered separately. The answer of each is identical, except the defendant McCumber is alleged to be a lessee under a lease from the Pacific Coal & Transportation Company. Both answers deny all of the material allegations of the complaint and specifically deny the possession of the plaintiff.

---

\*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

In the first affirmative answer of the Pacific Coal & Transportation Company the defendant alleges that it is the owner of the Moonlight or Grant claim under and by virtue of a valid location, describing the same by metes and bounds and courses and distances, and alleges that it and its grantors and predecessors in interest are the owners in fee of the whole of said claim, having entered in the exclusive, open, and notorious possession of the whole of said claim on the 9th day of January, 1899, and ever since have been in the uninterrupted, exclusive, open, and notorious possession of the whole of said claim. The said defendant in its said answer then sets up its written lease to the defendant M. D. McCumber, dated on the 15th day of August, 1908.

Paragraph 4 of the answer of the Pacific Coal & Transportation Company alleges that the alleged placer mining claim described in paragraph 4 of plaintiff's complaint as Bench No. 1 Moonlight creek, near Moonlight springs, covers and embraces an overlap of a large portion of the westerly end of the Grant claim above described and now in the possession of said answering defendant, as above mentioned, the exact boundaries and limitations claimed by said plaintiff being unknown to said answering defendant; that said plaintiff has no right, title, interest, or estate in and to that said part or portion so claimed of the said Grant claim, but wrongfully and unlawfully and without right asserts title and ownership thereto; and said defendant then again alleges that it is in possession of said overlap.

In its second affirmative defense said defendant sets up ownership in the said Grant claim and alleges that it and its grantors and predecessors in interest have been in the uninterrupted, notorious, and exclusive possession of the whole of said placer claim under color and claim of said title by reason of said Grant location ever since the 9th day of January, 1899.

The third affirmative defense of said defendant alleges that said defendant was in the exclusive possession of the said overlap at the time of the commencement of this action by plaintiff.

In the fourth affirmative answer said defendant pleads an estoppel against plaintiff. The said defendant then prays judgment: First, that the complaint of plaintiff be dismissed; second and third, that it be decreed that the defendant the Pacific Coal & Transportation Company is the owner in fee of the whole of said Grant claim, as above described; fourth, that it be decreed and adjudged that the plaintiff has no claim, estate, interest, or demand in or to any part or portion of said Grant claim as above described; fifth and sixth, that it be adjudged and decreed that the plaintiff be forever barred and enjoined from asserting any claim, right, title, interest, or estate in or to any part or portion of said Grant claim as above described; seventh, for such other and further relief as may seem meet and proper to the court.

To the answers of said defendants plaintiff filed a reply denying all of the several affirmative answers.

O. D. Cochran and G. J. Lomen, both of Nome, for plaintiff.

J. Allison Bruner, of Nome, for defendant Pacific Coal Co.

Wm. A. Gilmore and Geo. B. Grigsby, both of Nome, and Elwood Bruner, of Sacramento, Cal., for defendant McCumber.

MURANE, District Judge. The cause is now before the court upon the motions of the defendants for an order assigning this cause on the jury trial calendar and for fixing the date of the trial of said action, which raises the question whether said cause should be tried before the court as a suit in equity or before the court and jury as an action at law.

The complaint is evidently framed under section 475 of the Alaska Code, and plaintiff's attorneys in argument contended that it is a suit in equity to quiet title and to determine adverse claims, while defendants contend in their argument and brief that they are entitled to a jury trial upon the question of possession and title, and that the case should be tried before a jury, and cites section 1, art. 7, of the amendment of the Constitution of the United States, which they contend entitles them to a jury trial in a cause of this nature. Counsel for de-

fendants cite a number of cases in support of this contention, but rely chiefly upon the case of Carlson v. Sullivan, 146 Fed. 476, 77 C. C. A. 32, and the case of Donahue v. Meister, 88 Cal. 121, 25 Pac. 1096, 22 Am. St. Rep. 283.

The case of Carlson v. Sullivan was a suit in partition which went to the Circuit Court of Appeals, Ninth Circuit, from this division, but the complaint in that case shows that the plaintiff was not in possession, and that the defendants, who were in possession, were disputing the title of plaintiff. In the same volume is another case which went from this division, entitled Forderer v. Schmidt, 146 Fed. 480, 77 C. C. A. 36, where the Circuit Court of Appeals draws the distinction between a case where the plaintiff is out of possession and his title is disputed, and a case where the plaintiff is out of possession and whose title is not disputed. I do not think that either case is decisive of the question before the court on this motion.

The Circuit Court of Appeals, Ninth Circuit, in the case of Madden v. McKenzie, 144 Fed. 64, 75 C. C. A. 222, seems to very clearly lay down the proper procedure in a case of this character, and appears to establish the rule by which this court should be guided in passing upon the question as to whether or not an action should be tried to a court sitting as a court of equity or should be transferred to the law side of the court and tried to a jury. We quote from the opinion in said case:

"Under such a statute [section 475 of the Alaska Code], if the facts pleaded present a case of equitable cognizance, the cause will be heard upon the equity side of the court according to the procedure provided for the disposition of such a case, and, if the complaint is sustained, the plaintiff will be given equitable relief. If, on the other hand, the facts alleged are such as to bring the case within the cognizance of a court of law, it will be tried as an action at law, and the right of the parties to a jury trial will be conserved. If a complaint be framed ostensibly as a bill in equity, praying for equitable relief, and yet is in its substance a complaint in an action at law, the remedy of the defendant is to move that it be dealt with and heard as an action at law."

This in substance is what the defendants are now demanding in this case, but it will be seen from the quotation from

the above case that the issue is determined upon the allegations of the complaint. Defendants in their argument practically admit that the complaint in the case at bar is sufficient under section 475, but make the contention that said section is unconstitutional under the decision of Donahue v. Meister, supra, and Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873, and further contend that, by reason of the fact that the defendant denies the possession of plaintiff, it changes the form of action from one in equity to one in law.

The Supreme Court of the state of Oregon in a number of decisions has sustained the validity of their section 500, which in substance is the same as our section 475, and even has gone further in that the court has held that plaintiff need not be in possession in order to maintain the action if the defendant is not in possession. Coolidge & McClaine v. Forward, 11 Or. 118, 2 Pac. 292; Thompson v. Woolf, 8 Or. 455.

In Goldsmith v. Gilliland (Circuit Court of Oregon) 22 Fed. 867, Judge Deady says:

"But in a suit brought under section 500 aforesaid [Oregon Code, which is the same as our section 475], the plaintiff is not required to state the nature or circumstances of the defendant's claim, or to deny knowledge thereof, but in this respect he is only bound to allege the making of such claim, and that it is wrongful, and call upon the defendant to set it forth in his answer, and submit its validity to the judgment and decision of the court. * * * Plaintiff may, in any case, avail himself of the statute."

The reasoning in the case of Holland v. Challen, 110 U. S. 23, 3 Sup. Ct. 495, 28 L. Ed. 52, is very apt when considering cases under our Code. In this case the court quotes a Kentucky statute, which is very similar to ours; also the statute of Nebraska, which is very much broader than ours, as it authorizes a suit even to parties out of possession.

The Supreme Court of the United States has sustained the Oregon statute in the well-considered case of Stark v. Starr, 73 U. S. (6 Wall.) 409, 18 L. Ed. 925, where Judge Field, delivering the opinion of the court, says:

"This is a suit in equity to quiet the title of the plaintiff to certain parcels of land situated in the city of Portland, in the state

of Oregon. It is founded upon a statute of that state, which provides that 'any person in possession of real property may maintain a suit in equity against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest.' This statute confers a jurisdiction beyond that ordinarily exercised by courts of equity, to afford relief in the quieting of title and possession of real property. By the ordinary jurisdiction of those courts a suit would not lie for that purpose, unless the possession of the plaintiff had been previously disturbed by legal proceedings on the part of the defendant, and the right of the plaintiff had been sustained by successive judgments in his favor. The equity asserted in such cases had its origin in the prolonged litigation which the action of ejectment permitted. That action being founded upon a fictitious demise between fictitious parties, a recovery therein constituted no bar to a second similar action, or to any number of similar actions for the same premises. With slight changes in these fictions, a new action might be instituted and conducted as though no previous action had ever been commenced. Thus the party in possession, though successful in every case, might be harassed if not ruined by the continued litigation. To prevent such litigation, after one or more trials, and to secure peace to the party in possession, courts of equity interposed upon proper application and terminated the controversy. By the statute in question it is unnecessary, in order to obtain this interposition of equity, for the party in possession to delay his suit until that possession has been disturbed by legal proceedings, and judgment in those proceedings has passed in his favor. It is sufficient that a party out of possession claims an estate or interest in the property adverse to him. He can then at once commence his suit, and require the nature and character of such adverse estate or interest to be set forth and subjected to judicial investigation and determination, and that the right of possession as between him and the claimant shall be forever quieted."

The case of Wehrman v. Conklin, 155 U. S. 322, 15 Sup. Ct. 129, 39 L. Ed. 167, cites with approval the case of Holland v. Challen, supra, and goes extensively into the question of the jurisdiction of equity and its origin to quiet titles at common law, and also under the Codes of different states. This case alone would be decisive of both points raised by defendants, as it distinguishes the case of Whitehead v. Shattuck, relied upon by defendants, and shows that it is not applicable to the case at bar. This case was also followed by Judge Rodey in Hernandez v. J. Ochoa y Hermano, 4 Porto Rico Fed. Rep. 400, which is a very instructive decision.

In the case of Angus v. Craven, 132 Cal. 691, 64 Pac. 1091, the Supreme Court of California arrives at a different conclu-

sion from that in Donahue v. Meister, supra, and in effect overrules it. This is a very well-considered case, and seems to be more in accord with the better authorities than the Donahue Case.

An examination of the California statute, which appears to be the same as the New Mexico statute, shows that they are both radically different from the Alaska Code in that they provide that a party may maintain an action to determine adverse claims without designating what character of action, while our Code provides that a party in possession may maintain an action of an equitable nature.

The court has considered this case so far solely upon the allegations of the complaint and the denials in the answer, and has reached the conclusion that, even thus considered, the cause should be retained on the equity side of the court, but it will be observed that the affirmative defenses set up in defendants' answers, or at least some of them, are purely equitable, and the defendants pray for equitable relief. Under such a state of the pleadings, the authorities seem to hold that, even if it should develop that the plaintiff was not in possession at the time of the commencement of the action, the defendants have submitted themselves to the jurisdiction of a court of equity, and the court, sitting as such, must determine the whole controversy. State v. Blize, 37 Or. 408, 61 Pac. 735; O'Hara v. Parker, 27 Or. 172, 39 Pac. 1004; 32 Cyc. pp. 1338, 1367, and cases cited.

The rule seems to be that, if a defendant does not wish to submit himself to the jurisdiction of a court of equity, he must, before answering to the merits, have the jurisdictional facts determined either by demurrer or proper plea.

Defendants' motions are denied.