136

YEAGER v. NUTZOTIN PLACER CO., Inc., et al.
No. A-5870.

District Court, Alaska.   Third Division.   Anchorage.
Jan. 4, 1951.

138

Bailey E. Bell, Anchorage, for plaintiff.

Davis & Renfrew, Anchorage, for defendants Nutzotin Placer Co., Inc., and W. E. James and Agnes T. James.

Cuddy & Kay, Anchorage, for defendant Yukon Equipment Co.

DIMOND, District Judge.

This is an action for enforcement of an asserted lien arising from labor performed under written contract. A part of the property on which the plaintiff's lien is claimed has heretofore been sold under judgment of foreclosure of a certain chattel mortgage given by defendant, Nutzotin Placer Company, Inc. to the defendant herein named as Yukon Equipment Company, but the correct corporate title of which appears to be Yukon Equipment, Inc. The chattel mortgage foreclosure judgment was rendered in an action, No. A–6001, of this Court, in which the plaintiff herein

was not named as a party. The property involved is situated on or near Bonanza and Little Eldorado Creeks, in the Copper Center Recording Precinct, Third Judicial Division of Alaska.

The principal matters in dispute are five in number:

1. The amount earned by the plaintiff and now due him from the defendants, or any of them;

2. The property against which the plaintiff's lien, if any, may be asserted;

3. The respective priorities of (a) the plaintiff's claim of lien, and (b) the chattel mortgages of defendant, Yukon Equipment, Inc., including the judgment of foreclosure above mentioned;

4. The effect of the failure of the Yukon Equipment, Inc. in Cause No. A–6001 to make the plaintiff in this action a party to Cause No. A–6001; and

5. The jurisdiction of the Court to grant personal judgment where claim of lien has largely failed.

*Statement of facts.* The facts as ascertained from the pleadings and testimony may best be summarized by setting forth the events bearing on the case at hand, in chronological order:

On or about August 29, 1947, the Nutzotin Placer Company, Inc., executed a purchase money chattel mortgage to and in favor of the Lomen Equipment Company predecessor to Yukon Equipment, Inc., covering the pump and tractor and associated equipment which is in part the subject of this action. This mortgage was filed in the office of the United States Commissioner of the Precinct in which the property was situated, at Copper Center, Alaska, on September 25, 1947. This mortgage became due on October 15, 1948.

A renewal affidavit of the mortgage of August 29, 1947, was made on December 31, 1948, but the record is barren of any statement showing when the renewal affidavit was

filed in the recording office. Under our applicable law, Section 22-6-6, Alaska Compiled Laws Annotated, 1949, hereinafter referred to as A.C.L.A., the renewal affidavit was required to be made and filed within 30 days prior to the expiration of one year of the due date of the mortgage; hence, it follows that the renewal affidavit could have been validly made and filed only within 30 days prior to October 15, 1949. No proof appears that any renewal affidavit of the 1947 mortgage was made and filed during that period, and, therefore, it would appear that the renewal affidavit dated December 31, 1948 may be disregarded.

On April 12, 1949, a new chattel mortgage, the one on which Cause No. A–6001 was based, was made, and it was filed in the recording office on April 22, 1949. That mortgage by its terms, became due on August 1, 1949, and hence the renewal affidavit of that mortgage was required to be made and filed within 30 days prior to August 1, 1950.

The foreclosure suit was brought upon the 1949 chattel mortgage, Cause No. A–6001, on February 17, 1950, and judgment was rendered on April 28, 1950, for $7,028.99 with interest at 8% per annum from April 12, 1949. Execution was issued June 6, 1950. The property mortgaged was sold, so far as the record shows, on June 24, 1950, and the other property of the defendants was sold under deficiency judgment on July 28, 1950. It is, therefore, apparent that all of these proceedings took place before the expiration of the date of renewal of the chattel mortgage of April 12, 1949.

Meanwhile on April 21 or 22, 1949, the plaintiff commenced work for the defendant Nutzotin Placer Company, Inc. Since the 1949 chattel mortgage of the Yukon Equipment, Inc. was filed in the recording office on April 22, 1949, it is evident that the mortgage was not filed prior to the date upon which plaintiff commenced to work under his contract of employment. Plaintiff's work was concluded

on October 9, 1949 and he commenced this suit for foreclosure of the lien on November 21, 1949.

In his complaint the plaintiff alleges that on or about April 13, 1949, he entered into a written contract with "defendants" to perform labor; that he did the work required of him and that as a result there is due plaintiff from defendants the sum of $2,433.00, for which amount he claims a lien upon property described in his notice of claim of lien filed in the office of the official recorder on November 8, 1949, as follows:

"1—HD 10 Allis Chalmers Tractor

1—Delaval Diesel Pump

2—Log cabins

1—Small house built of lumber, one cache, built of lumber, together with tools and mining equipment, including approximately 150 feet of pipe (iron), measuring approximately 10 inches in diameter, sluice boxes, two giant nozzles, a welder, one cook stove, cooking utensils, food and supplies on hand at the camp, six steel cots, four mattresses, three gasoline lamps, more than twelve barrels of diesel oil—all located at the fork of Little Eldorado Creek and Bonanza Creek, approximately 2½ miles up Bonanza Creek from the old town of Bonanza, Alaska, in the Copper Center Recording District of the Third Judicial Division of the Territory of Alaska."

In his *complaint* the plaintiff not only claims a lien upon the property described in his notice of claim of lien which was recorded in the local recording office, but also upon:
"all mining claims belonging to the defendants located in the Copper Center Recording Precinct of the Third Judicial Division of the Territory of Alaska."

The plaintiff in his complaint further alleges that the defendant, Yukon Equipment, Inc., and other defendants, claim to have some right, title or interest in or lien upon the property described in the complaint but that such lien, if any, is secondary to plaintiff's lien for work and labor performed and plaintiff asks that defendants be required to come into Court and set up and prove their claims if any they have.

Defendants, W. E. James and Agnes T. James, disclaim any interest in any of the property.

The defendant, Nutzotin Placer Company, Inc., in its answer, admits the execution of the written contract but denies there is due to plaintiff thereunder the sum of $2433.00.

The defendant, Yukon Equipment, Inc., in its separate answer, denies, for lack of information and belief, the averments of the complaint and alleges that by virtue of a prior chattel mortgage defendant then had a prior lien in the amount of $7,028.99, upon the DeLaval Centrifugal Pump and the Allis Chalmers Tractor and other attached and associated equipment.

1. *The amount earned by plaintiff and now due him, if any, from the defendants, or any of them.*

Plaintiff's contract of employment with defendant, Nutzotin Placer Company, Inc., was signed by the defendants, W. E. James and Agnes T. James, solely as president and vice-president and treasurer, respectively, of the Corporation. No reason exists for holding the defendants, W. E. James and Agnes T. James, personally liable for any indebtedness due from the Company to the plaintiff.

The amount due from the defendant, Nutzotin Placer Company, Inc., to the plaintiff is disputed. Plaintiff's claim is based upon a 10-hour day, for a work week of 7 days, and with the overtime pay required by law. Both of defendants, W. E. James and Agnes T. James, who

appeared to be not unfriendly to the plaintiff, asserted that plaintiff's work day did not exceed 8 hours and was usually considerably less. In view of all the testimony, I find that plaintiff did not work more than 8 hours per day, and accordingly, is not entitled to compensation for any additional time. Plaintiff worked mainly as camp cook, never cooking for more than 5 persons, and a considerable part of the time for fewer. Relying upon plaintiff's statement as to the number of days worked and calculating his time at 8 hours per day for 7 days per week, where full weeks were worked, it appears that there is due the plaintiff from defendant, Nutzotin Placer Company, Inc., the sum of $1,942.00 and no more.

2. *The property against which plaintiff's lien, if any, may be asserted.*

Below are quoted relevant provisions of the laws of Alaska relating to liens upon mines and mining claims and liens upon certain types of personal property such as mills and machines:

Section 26-2-1, A.C.L.A.1949, provides:

"The term 'mine' or 'mining claim' * * * shall be construed to mean a block or parcel of mining ground, * * * and all structures, buildings, mills and machines on the surface of the ground and affixed thereto and used in the working, mining and development thereof; * * *.

"The term 'mill' or 'machine' shall be construed to include any dredge, steam, internal combustion or electric shovel, dragline, tractor, scraper, hoist, engine and boiler, derrick, drill, roasting or reduction works, stamp, roller or other mill, concentrator, conveyor, elevator or other machinery used in or about a mine in digging, hoisting, conveying, washing or blocking out mineral contents therein, or reducing the same to a commercial value, while the said mill or machine is used in connection with

the operation of the mine, and is not a fixture and included in the term 'mine' as hereinbefore defined."

Section 26-2-2 provides:

"Every person, who at the instance of the owner performs any work or labor in, on or about a mine, or mining claim, * * * in opening up, developing * * * mining, hoisting, firing, cooking, * * * or performs any other class or kind of work necessary or convenient to the development, operation, working or mining thereof * * * shall have a lien on such mine or mining claim * * * as security for the payment of such work or labor." ·

Section 26-2-3 provides:

"Every person who, at the instance of the owner performs [such] work or labor in any capacity on, in or about a mill or machine, either in the alteration or repair thereof, or in the operation or working thereof, while the same is used in or about a mine, or mining claim, * * * shall have a lien on such mill or machine, to secure the payment of the amount due for such work or labor."

Since the plaintiff did not in his notice filed in the recording office claim a lien upon the mining claims, his lien, if any, can be asserted only against the personal property which is described in his notice of claim of lien. Some of that property is probably not independently lienable, such as the cook stove, cooking utensils, food and supplies, cots, mattresses, lamps and diesel oil. Other types of the personal property would be subject to lien if the work had actually been done upon the property or in the construction or repair thereof, or in the operation of those types of property, like machinery, which are operated. The evidence fails to show that the plaintiff performed any work upon the cabins or house or cache or

the sluice boxes, nozzles, or welder. However, there was testimony to the effect that during the summer of 1949, the defendant performed labor in connection with the repair of the pump and tractor. The most liberal estimate that can be made for that labor under the evidence, would not exceed $75.00, and is here fixed in that amount. That labor was performed long after April 22, the date upon which the mortgage of April 12, 1949, was filed in the office of the Recorder at Copper Center. The pleadings and proof limit plaintiff's claim of lien to the personal property described in his recorded notice. It seems clear that the lien may be rightly asserted under the provisions of Sec. 26-2-3, A.C.L.A., only, and not under Sections 26-2-1 and 26-2-2.

3. *The respective priorities of (a) the plaintiff's claim of lien, and (b) the chattel mortgages of defendant, Yukon Equipment, Inc., including the judgment of foreclosure above mentioned.*

Plaintiff urges that his lien upon the property described therein, and upon the mining claims referred to in his complaint but not embraced in his claim of lien, is prior and superior to the Yukon Equipment mortgage of April 12, 1949, because he commenced work under his contract of employment for the defendant, Nutzotin Placer Company, Inc., before the mortgage of April 12, 1949, was filed in the office of the Recorder of the Precinct at Copper Center, Alaska.

The proof shows that the mortgage of April 12, 1949, was given to secure the same purchase money indebtedness that was secured by the mortgage of 1947. It seems clear that the 1947 mortgage was still valid not only at the time when plaintiff began to work under his contract of employment but was likewise still valid when defendant ceased work on his employment contract, which was on or about October 9, 1949. As above indicated, no renewal affidavit for the mortgage of 1947 was required to

be filed until October 30, 1949. Under the circumstances here disclosed without dispute, it is apparent that the lien given by the first mortgage was then valid and was embraced in the lien given by the mortgage of 1949. The generally accepted rule is that the mere taking of a new note and mortgage for the same debt and covering the same property does not discharge or displace the lien on an existing mortgage unless such was the intention of the parties, 10 Am.Jur. 866. The rule is discussed with abundant citation of authority in Buerger Bros. Supply Co. v. El Rey Furniture Company, 1935, 45 Ariz. 1, 40 P.2d 81.

█] Accordingly, it follows that the only lien which may be asserted by the defendant against the pump and tractor and attached or associated property is subsequent and subordinate to the lien of the mortgage of 1949 given to Yukon Equipment, Inc., which has been foreclosed.

█] Nor can the plaintiff lawfully assert a lien upon any other property covered by the claim of lien. There is no testimony that plaintiff did any work or performed any labor upon or for the repair or construction of or in connection with any of the other personal property described in this lien except the pump and tractor and the attached or associated items of personal property.

4. *Effect of the failure of Yukon Equipment, Inc., in Cause No. A–6001, to make the plaintiff in this action a party to Cause No. A–6001.*

The question now arises as to the status of plaintiff's lien for $75.00 on the personal property sold in the chattel mortgage foreclosure suit. Section 56-1-32, A.C.L.A., provides that "Any person having a lien subsequent to the plaintiff upon the same property or any part thereof * * * shall be made a defendant in the action, and any person having a prior lien may be made defendant at the option of the plaintiff, or by the order of the court when deemed necessary". The section, a part of which is above

quoted, refers only to foreclosure of liens upon real property. However, Section 22-6-10, A.C.L.A., provides that "* * * an action for the foreclosure of a mortgage of personal property, or the enforcement of any lien thereon, of whatever nature, may be commenced and conducted in the same manner as provided by law for the foreclosure of mortgages and liens upon [personal] property, * * * ".

■ It would, therefore, appear that in an action for foreclosure of a chattel mortgage, it is necessary to make a party to the action any person holding "a lien subsequent to the plaintiff upon the same property". This provision of our law was adopted from the Laws of Oregon, Vol. 1 Hills Annotated Laws of Oregon, Section 415, carried forward in Section 9-502, Oregon Compiled Laws Annotated.

In the foreclosure of its chattel mortgage, Yukon Equipment, Inc., having failed to make the plaintiff in this action a defendant, and the plaintiff at that time holding a junior lien, inquiry must be made as to whether the plaintiff herein is entitled to any relief against Yukon Equipment, Inc. It is scarcely necessary to observe that the rights of the plaintiff in this action cannot possibly be lessened or minimized by what was done in the chattel mortgage foreclosure suit, A–6001, because the plaintiff herein was not made a party to that suit. What appears to be our governing law, Sec. 56-1-32, A.C.L.A., above referred to, says that those holding subsequent liens "shall" be made parties to the foreclosure action, and Section 22-6-10, as we have seen, makes the provisions of Section 56-1-32 applicable to chattel mortgage foreclosures.

■ It may well be that the plaintiff in a mortgage foreclosure is required to make one holding a junior lien a party in order that the rights of all may be adjudicated and the junior lienor may appear at the sale and purchase the property for the protection of his own lien. The record in A–6001 discloses that the personal property em-

braced in the mortgage was sold for $500, and no more, and that Yukon Equipment, Inc., was the purchaser. The plaintiff in this action, not being a party to A–6001, could not reasonably be expected to appear at the sale for the protection of his lien. It was clearly the legal duty of Yukon Equipment to make the plaintiff in the instant case a party defendant in Cause No. A–6001.

The subject, as respects real property, was considered in several Oregon cases: Besser v. Hawthorn, 1869, 3 Or. 512, 514; De Lashmutt v. Sellwood, 1882, 10 Or. 319; and Williams v. Wilson, 1902, 42 Or. 299, 70 P. 1031, holding that where the junior lienor is not made a party to a foreclosure suit of the one holding the paramount lien, the junior lienor has the right thereafter to foreclose and to sell the property for the satisfaction of his lien or to redeem from the sale.

■■] Under our law there is no provision for redemption of personal property sold under foreclosure. The maxim that equity will not permit a wrong to be without a remedy applies. Yukon Equipment, Inc., in Cause No. A–6001, having disregarded the law in not making the plaintiff in this action as one holding a subsequent lien, a party defendant, the result is that the plaintiff here, under the doctrine laid down in Williams v. Wilson, and the other Oregon cases cited, supra, should either be permitted to sell again the property which has been held subject to his lien—in this case for $75.00—despite prior sale of the property in A–6001 for $500.00, or that Yukon Equipment, Inc., the plaintiff in A–6001, should be required to pay the amount of plaintiff's lien as established in this action on the property sold under its chattel mortgage foreclosure in A–6001. If plaintiff's lien in the amount of $75.00 is satisfied, full justice will have been done him. Therefore, Yukon Equipment, Inc., will be required to pay to the plaintiff in this action the amount of his lien on the personal property, namely, $75.00, on the personal property sold under mortgage foreclosure, and in default of such

payment, the plaintiff herein may have the personal property subject to his lien in the amount of $75.00, sold for the satisfaction of that lien, despite its prior sale in A–6001, and the proceeds of such sale applied in the manner outlined in Besser v. Hawthorn, supra, by the Circuit Court and approved by the Supreme Court of Oregon on appeal, and the proceeds of sale applied as therein directed.

5. *Jurisdiction of the Court to grant personal judgment where claim of lien has largely failed.*

While none of the defendants has raised the point, it is necessary for the Court to consider whether, since plaintiff's claim of lien has largely failed, the Court has jurisdiction to grant a personal judgment in favor of plaintiff and against the defendant, Nutzotin Placer Company, Inc., for the amount found due to the plaintiff, namely, $1,942.00, including the sum of $75.00 found lienable. In view of the explicit provisions of Alaska law abolishing "The distinction between actions at law and suits in equity, and the forms of all such actions and suits", 55-1-1, A.C. L.A., it would appear that refusal to grant personal judgment would be error. It is true that in the case of Russell v. Hayner, 9 Cir., 1904, 130 F. 90, the Court held that personal judgment would not be given in a suit to foreclose a lien because such a suit is equitable in nature. Later, the District Court of Alaska, speaking through Judge Pratt, in the case of Mitchell v. Beaver Dredging Co., 8 Alaska 566 (4th Div.1935), held that a personal judgment may be given in such an action and discussed at some length the Russell v. Hayner case. Judge Pratt's decision seems to me to be completely sound and in harmony with modern practice, especially in view of the provisions of the Federal Rules of Civil Procedure, 28 U.S.C.A., now applicable to the District Court of Alaska, thus enforcing the mandate of Congress to be found in Section 55-1-1, A.C.L.A., above cited. Further authority for this conclusion is to be found in the case of Madden v. McKenzie, 9 Cir., 1906, 144 F. 64.

The decision here is that the plaintiff has a presently enforceable lien upon the tractor and pump and attached or associated equipment described in his claim of lien and upon no other property, for the amount of $75.00, and that if the defendant, Yukon Equipment, Inc., shall fail to pay to plaintiff that amount in satisfaction of his lien, the plaintiff may sell the property covered by his lien for satisfaction of the amount stated.

The plaintiff is entitled to personal judgment herein against defendant, Nutzotin Placer Company, Inc. in the amount of $1,942.00, together with interest thereon at the rate of 6% per annum, from October 9, 1949. That plaintiff's action against the defendants, W. E. James and Agnes T. James, must be dismissed with prejudice, and said defendants may recover of plaintiff their costs and disbursements in this action incurred.

Reasonable attorneys' fees may be allowed to all prevailing parties.